UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cr. No. 20-10136-RGS-2 |
| | ) | |
| WINSTON MCGHEE, | ) | |
| Defendant | ) | |

## SENTENCING MEMORANDUM OF THE UNITED STATES

On February 9, 2021, the defendant, WINSTON MCGHEE, pled guilty pursuant to a C

plea agreement to a Superseding Information, which charged him with Conspiracy to Distribute

and Possess with Intent to Distribute Cocaine and Cocaine Base, in violation of 21 U.S.C. § 846

(Count One); and Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1) (Count

Two).  The parties agreed that a sentence of 115 months' imprisonment is appropriate.  The

government requests that the Court adopt the C plea agreement and sentence the defendant

accordingly.

## I.  BACKGROUND AND THE OFFENSES

This case arose from a joint investigation by the Drug Enforcement Administration and

Boston Police Department into Kenji DRAYTON, the leader of a drug trafficking organization

within the Greater Boston area.  Presentence Investigation Report ("PSR") ¶ 9.  Law enforcement

identified MCGHEE as a member of the Codman Square/Millet Street gang and a high level

associate of the Wainwright Street gang, although MCGHEE denies this.  PSR ¶ 9.  MCGHEE

was also a wholesale cocaine supplier who possessed a firearm.  PSR ¶ 9.

Law enforcement captured MCGHEE's involvement in the conspiracy over the course of

approximately a single month, April 2020, when they tapped his phone.  During that time,

MCGHEE was active in many roles.  He was a wholesaler, supplying KENJI DRAYTON on more

than one occasion. PSR ¶¶ 16-21, 44-49. He shared information and cocaine supply with ERIC DAVIS. PSR ¶¶ 22-25. And he supplied his own customers, such as ANDRE ECHEVARRIA. PSR ¶¶ 50-58. He even instructed ECHEVARRIA in how to cook crack cocaine. PSR ¶¶ 56-58.

On June 24, 2020, the case against MCHGEE culminated in his arrest and the searches of his residence, at 430 Washington Street, Basement Apartment, and his stash house at 214 Harvard Street, Apartment 1E, both in Dorchester. From his apartment, where MCGHEE was arrested, they recovered a Glock, model 35, .40 S&W caliber, semi-automatic pistol;[1] a Glcok magazine; ammunition; and $20,054 in cash. At the stash house, they recovered nearly $5,000; .40 S&W caliber ammunition; and some marijuana. PSR ¶ 61.

## II.  GUIDELINES ANALYSIS AND CRIMINAL HISTORY

The PSR applied a different analysis than that applied by the parties in the Plea Agreement. The PSR based its analysis on the April 27, 2020, seizure of a Ruger, which qualified as a high capacity firearm, had an obliterated serial number, and was used or possessed in connection with another offense, yielding an adjusted offense level of 30. PSR ¶¶ 15, 67-69. The government does not have any evidence that the shooting, in which the Ruger was used, was connected to the K. DRAYTON drug conspiracy in this case. The case for possession of the Ruger is also charged in Suffolk Superior Court, along with the shooting, where those allegations will be resolved.    PSR ¶ 93. The government is not pursuing those charges here and does not intend to present evidence to prove MCGHEE's possession of the Ruger as relevant conduct in this case.

Instead, the parties calculated the guidelines based on the drug conduct. The parties and Probation agree that he is base offense level 24 because he was responsible between 500 grams

---

[1] On April 23, 2020, MCGHEE was intercepted telling an unidentified male that "my 'blick' [firearm] on my hip nigga but I ain't talking, I don't my blick off my hip, be naked … well, I can't give you my blick, bro, I be in shootings all the time." PSR ¶ 15.

and two kilograms of cocaine, pursuant to USSG § 2D1.1(c)(8); and he receives a two level enhancement for possessing a firearm, pursuant to § 2D1.1(b)(1); yielding an adjusted offense level of 26. PSR ¶ 66. Probation also applied a two level enhancement for maintaining a drug premises pursuant to § 2D1.1(b)(12), which the parties omitted.[2] PSR ¶ 66. MCGHEE's offense level is reduced by three for acceptance of responsibility, yielding a total offense level of 23. PSR ¶¶ 75-76.

MCGHEE has 13 criminal history points and is Criminal History Category VI. At TOL 23, CHC VI, MCGHEE's Guidelines Sentencing Range would be 92 to 115 months. The requested sentence of 115 months is at the high end of that range.[3]

## III.  18 U.S.C. §3553(a) FACTORS

Consideration of the §3553(a) factors demonstrates that the sentence recommended by the parties, 115 months, is appropriate sentence in this case. Foremost among those factors is MCGHEE's criminal history, which is deservedly CHC VI. MCGHEE has a prior federal conviction for cocaine base, for which he was sentenced to 60 months in prison. PSR ¶ 85. He also has prior state sentence of 2.5 years, one year, and six months. PSR ¶ 86, 84, and 88. His criminal history goes back to a youthful offender adjudication for armed robbery at age 15 (he is now 37). PSR ¶ 79. He has multiple violations of probation and supervised release, including revocation and violation sentences of two years. PSR ¶¶ 79, 83, 84, 85, 86, and 87. In short, MCGHEE has spent considerable time in prison.

---

[2] Consistent with the plea agreement, the government does not seek that enhancement now.

[3] With the enhancement for a stash house, the Guidelines Sentencing Range would be 110 to 137 (TOL 25/CHC VI). The requested sentence falls within that range as well.

The nature of these offenses – possessing a firearm and trafficking cocaine – also call for a long sentence.  Firearms, of course, are a scourge on our community.  *See United States v. Politano*, 522 F.3d 69 (1st Cir. 2008) (in affirming above-guideline sentence in firearms trafficking case, the First Circuit noted this Court's reference to the "epidemic of handgun violence in communities within this district" and concluded that the district court "has the authority to conclude that the impact of this particular offense is more serious than that reflected by the Sentencing Commission.").  Similarly, distributing cocaine puts a deadline drug on the street and creates another untenable risk to the community, which also increases as the supply of drugs increases.  Put together, the danger increases exponentially.

MCGHEE is a significant criminal who has committed serious crimes.  Such conduct calls for a long sentence, followed by a long term of supervised release to protect the community upon his release.  This sentence of 115 accomplishes that goal.  It adequately punishes MCGHEE and will prevent him from committing further crimes for nearly ten years.  It will deter others.  In short, it accomplishes all of the goals of sentencing without being greater than necessary.

## IV.  THE GOVERNMENT'S RECOMMENDATION

For the foregoing reasons, those contained in the PSR and those to be presented at the sentencing hearing, the government requests that the Court accept the plea agreement and impose the following sentence:

- a term of 115 months' imprisonment;

- no fine;

- a term of 72 months' supervised release with the conditions set forth at pp. 53-54 off the PSR;

- a special assessment of $200; and

- forfeiture as requested by the United States.

Respectfully submitted,

NATHANIEL R. MENDELL
ACTING UNITED STATES ATTORNEY

By:      s/ Timothy E. Moran
   TIMOTHY E. MORAN
   KAITLIN O'DONNELL
   Assistant U.S. Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

s/ Timothy E. Moran
TIMOTHY E. MORAN

Date: June 8, 2021